ROBIN G. BROWN, PERSONAL REPRESENTATIVE OF THE ESTATE OF CARL S. BROWN, PLAINTIFF v. TRUCK INSURANCE EXCHANGE, A CALIFORNIA CORPORATION, DEFENDANT

No. 9015SC713

(Filed. 21 May 1991)

**Insurance § 69 (NCI3d) — underinsured motorist coverage — deceased not named insured — no coverage for a social passenger in third party's vehicle**

A vehicle insurance policy issued to a company which leased trucks owned by deceased and the services of deceased did not provide underinsured motorist coverage for the deceased who was killed while a social passenger in a car owned by a third party. An endorsement providing that liability coverage would apply to the owner of a vehicle hired by the named insured if the actual use of the automobile is in the business of the named insured did not make the deceased a "named insured" within the meaning of N.C.G.S. § 20-279.21(b)(3), and the voluntary additional insurance provided by the endorsement did not apply to deceased while riding in a third party's car.

BROWN v. TRUCK INS. EXCHANGE

[103 N.C. App. 59 (1991)]

Am Jur 2d, Automobile Insurance §§ 293 et seq.

Who is "named insured" within meaning of automobile insurance coverage. 91 ALR3d 1280.

APPEAL by plaintiff from judgment entered 27 March 1990 by *Judge D. B. Herring, Jr.* in ORANGE County Superior Court. Heard in the Court of Appeals 24 January 1991.

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by J. William Blue, Jr. and Jo Ann Ragazzo Woods, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and E. Elizabeth Lefler, for defendant-appellee.*

JOHNSON, Judge.

This is an appeal from judgment by the court without a jury concluding as a matter of law that an insurance policy issued by defendant does not provide underinsured motorists coverage for Carl Brown. The court made, *inter alia*, the following findings of fact, to which plaintiff does not except.

On 29 June 1985, Carl Brown was a passenger in a car owned by a third party when it was struck by a vehicle driven by Terri Tripp. Mr. Brown sustained fatal injuries. Robin G. Brown, the personal representative of his estate, brought suit against Terri Tripp and obtained a jury verdict in the amount of $326,485.14. Plaintiff received a total of $170,000.00 from various insurance carriers in partial satisfaction of that judgment.

Prior to his death, Brown was engaged in the trucking business and had entered into an "Independent Contractor Operating Agreement" with Schneider National Carriers, Inc. ("Schneider") whereby Brown leased his services and certain tractor truck units which he owned to Schneider. The agreement required Brown to pay all operating expenses, permits and workers' compensation insurance coverage. Schneider was legally obligated to maintain insurance coverage for the protection of the public pursuant to 49 U.S.C. § 10927 and regulations of the Interstate Commerce Commission.

Forms from the Division of Motor Vehicles were entered into evidence listing Schneider as applicant on a "North Carolina Registration Application." An "Owners Certificate for Eligibility to Renew

Registration" form certified that for the motor vehicles so described on the application [being three trucks owned by Brown and leased to Schneider], Schneider had financial responsibility as required by law with Truck Insurance Exchange, Inc., on policy No. 8-03-00-73. Schneider was listed as named insured on the declarations page of the policy. Registration tags were issued in the name of Schneider National Carriers, Inc., covering the tractor truck units leased to Schneider by Brown.

Policy No. 8-03-00-73 was in full force and effect on the date that Brown was killed. At the time of the accident Carl Brown was not engaged in the business covered by the "Independent Contractor Operating Agreement" and was not in one of his three leased trucks. The trial court concluded that the policy did not provide underinsured motorists coverage for Carl Brown.

Policy No. 8-03-00-73 contains Endorsement No. 4 which states:

### SPECIAL ADDITIONAL INSURED ENDORSEMENT

In consideration of the premium it is agreed that such insurance as is afforded by this policy for Bodily Injury Liability and for Property Damage Liability with respect to any automobile hired by the named insured shall also apply to the owner thereof, provided the actual use of the automobile is in the business of the named insured.

On page seven of the policy, under "Conditions" is the following, in pertinent part:

FINANCIAL RESPONSIBILITY LAWS: When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law.

The definitions section of the policy states:

INSURED means (1) the named insured or a relative, (2) any other person while occupying an insured motor vehicle, and (3) any person with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (1) or (2) above.

NAMED INSURED: If the insured named in item 1 of the Declarations is an individual, the term "named insured" includes his spouse if a resident of the same household.

Plaintiff argues that Carl Brown is a "named insured" under Endorsement 4 and that under this Court's decision in *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 340 S.E.2d 127, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986), he is covered under the policy regardless that he was killed while riding in a vehicle other than one of his trucks while engaged in the business of transporting freight.

Defendant argues that Carl Brown is not the "named insured" because he is not listed as such on the declarations page of the policy but is an "additional insured" under Endorsement 4 and therefore coverage as to him is limited by the terms of the endorsement.

"When examining cases to determine whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47 (1991). Thus, we must first determine whether Carl Brown is a covered person under the relevant statutory provisions and if not, whether he is covered under the terms of the insurance contract.

Carl Brown died on 29 June 1985, therefore the relevant statute is G.S. § 20-279.21 (1983). The type of insurance at issue here, underinsured motorist coverage (UIM), is governed by § 20-279.21(b)(4) which incorporates by reference the definition of "persons insured" that is found in § 20-279.21(b)(3), dealing with uninsured motorists (UM) coverage. Thus, for both UM and UIM coverage, "persons insured" means

the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of such motor vehicle.

G.S. § 20-279.21(b)(3). *Smith*, 328 N.C. 139, 143, 400 S.E.2d 44, 47.

In *Crowder*, 79 N.C. App. 551, 340 S.E.2d 127, this Court interpreted subsection (b)(3) as establishing two classes of "persons insured":

> (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Id.* at 554, 340 S.E.2d at 129-130. Members of the first class are "persons insured" regardless of whether the insured vehicle is involved in their injuries. Members of the second class are "persons insured" only when the insured vehicle is involved in the insured's injuries. *Id.* at 554, 340 S.E.2d at 130; *Smith*, 328 N.C. at 143, 400 S.E.2d at 47. Under the facts of this case, Carl Brown would be a "person insured" under the statute only if he were a "named insured."

Plaintiff argues that Mr. Brown is a "named insured" by virtue of Endorsement 4 and is therefore covered under the statute as being within the first class of "persons insured" as defined in *Crowder*. We disagree.

The declaration page of the policy at issue lists Schneider as the "named insured." Carl Brown is not listed as the "named insured." We can find no case, and plaintiff cites none to us, which in any way expands the term "named insured" beyond its explicit common sense meaning. The term appears frequently in the statute at issue in such a way as to distinguish the "named insured" from other covered persons. *See*, *e.g.*, G.S. § 20-279.21(b): "Such owner's policy of liability insurance: . . . (2) shall insure the person named therein and any other person[.]" G.S. § 20-279.21(b)(3): "For purposes of this section 'persons insured' means the named insured and . . . ."

We find that Carl Brown is not a "named insured" under the statute. Neither is he a "named insured" as defined in the policy. Thus Carl Brown is not a "person insured" under G.S. § 20-279.21(b)(4). The question remains whether Carl Brown was covered under the terms of the insurance contract.

**BROWN v. TRUCK INS. EXCHANGE**

[103 N.C. App. 59 (1991)]

Endorsement 4 provides that certain coverage "with respect to any automobile hired by the named insured [Schneider] shall also apply to the owner [Carl Brown] thereof, *provided the actual use of the automobile is in the business of the named insured.*" The issue is whether the limitation is valid so as to exclude Carl Brown when he was killed while a social passenger in a third party's vehicle. We find that it is.

The provisions of the Financial Responsibility Act are written into every automobile liability policy as a matter of law and where the provisions of the policy conflict with the provisions of the statute, the statute prevails. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977). But coverage which is in addition to the mandatory requirements of the statute are voluntary and are not subject to the requirements of the Act. *Nationwide Mut. Ins. Co. v. Aetna Life & Cas. Co.*, 283 N.C. 87, 194 S.E.2d 834 (1973). Voluntary coverage must be measured by the terms of the policy as written. *Younts v. State Farm Mut. Auto. Ins. Co.*, 281 N.C. 582, 189 S.E.2d 137 (1972). The policy at issue insures the owner of the vehicle hired by the named insured only if the actual use of the automobile is in the business of the named insured. Such coverage is beyond the requirements of the Financial Responsibility Act and is voluntary additional coverage. As such, it is to be applied according to its terms and limitations. Carl Brown, the owner of the leased trucks, was killed while a social guest in a third party's vehicle. The limitation in the terms of the policy therefore excludes him from coverage.

Because Carl Brown was not an "insured person" under the relevant statute nor was he covered by the terms of the voluntary provisions of the policy, we affirm the judgment of the trial court finding that policy No. 8-03-00-73 did not provide underinsured motorists coverage for him. The judgment below is

Affirmed.

Judges ARNOLD and LEWIS concur.