CATHY ELAINE BUSBY, Plaintiff v. MARK ANTHONY SIMMONS, Defendant

No. 9010SC1196

(Filed 6 August 1991)

**Insurance § 69 (NCI3d)— underinsured motorist coverage—corporation as named insured—injury to owner while riding bicycle**

A plaintiff who was struck by an automobile while riding her bicycle was not entitled to recover underinsured motorist benefits under an automobile policy issued to a corporation for which she owned two-thirds of the stock where plaintiff had exclusive business and personal use of a 1988 Mazda owned by the corporation; the Mazda was registered in the name of the corporation for tax benefits; plaintiff reimbursed the corporation for her personal use of the vehicle; the corporation was the named insured and plaintiff was listed in the policy only as an insured driver; plaintiff was not engaged in any activity on behalf of the corporation at the time of the accident; and plaintiff was not occupying the insured automobile or any other automobile at the time of the accident.

**Am Jur 2d, Automobile Insurance §§ 246, 311.**

APPEAL by plaintiff from judgment entered 6 September 1990 by *Judge Robert H. Hobgood* in WAKE County Superior Court. Heard in the Court of Appeals 4 June 1991.

This action arises from an accident on 9 March 1988, in which plaintiff was struck by an automobile operated by defendant. Plaintiff was riding her bicycle at the time of the accident and sustained severe injuries. Plaintiff filed this cause of action on 20 April 1990.

In addition to compensation from defendant, plaintiff seeks underinsured motorist benefits from the unnamed defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm) under N.C. Gen. Stat. § 20-279.21(b)(4) pursuant to an insurance policy State Farm issued to Capital Physical Therapy, Inc. (hereinafter Capital). Plaintiff and her father are employed by and own all stock in Capital.

State Farm filed a motion for summary judgment under Rule 56 of the N.C. Rules of Civil Procedure on 24 July 1990. The trial court granted this motion on 6 September 1990. From this judgment, plaintiff appeals.

## BUSBY v. SIMMONS

[103 N.C. App. 592 (1991)]

*Young, Moore, Henderson & Alvis, P.A., by Johnny S. Gaskins, for plaintiff-appellant.*

*DeBank, McDaniel, Holbrook & Anderson, by Douglas F. DeBank, for unnamed defendant-appellee.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting summary judgment in State Farm's favor. For the following reasons, we hold that the trial court did not err and affirm the order of 6 September 1990.

Under N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." This remedy permits the trial court to decide whether a genuine issue of material fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted).

In a summary judgment proceeding, the trial court must view all evidence presented in the light most favorable to the nonmoving party and determine if there is a triable material issue of fact. *Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C. App. 85, 336 S.E.2d 653 (1985), *disc. review denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E.2d 79 (1985), *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). A defendant is entitled to summary judgment if he establishes that no claim for relief exists or that the plaintiff cannot overcome an affirmative defense. *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 341 S.E.2d 61 (1986) (citation omitted).

In the present case, the evidence, viewed in the light most favorable to plaintiff, tends to show that plaintiff owns two-thirds of the stock in Capital. At the time of the accident in question, the corporation owned two automobiles—a 1987 Toyota and a 1988 Mazda. Plaintiff had exclusive business and personal use of the 1988 Mazda and did not use any other vehicle registered in her name. The Mazda was registered in the name of the corporation

and not in plaintiff's name "to take advantage of certain tax benefits." Plaintiff reimbursed Capital approximately $3,000.00 per year for the personal use of the vehicle.

State Farm provided insurance on these vehicles with the insurance policy being issued in the corporate name. The insurance agent involved in issuing the policies advised plaintiff's father that by adding plaintiff as an insured driver, plaintiff would have all of the benefits under the policy available to an individual. Plaintiff's father intended that plaintiff receive all of the benefits which "could have been available to them if they had registered their own personal vehicles in their personal names and obtained liability insurance in their personal names," including uninsured/underinsured motorist benefits under the policy. The named insured, however, remained in Capital's name at all times pertinent to this action.

At the time of the accident, plaintiff was riding her bicycle and was not engaged in any activity on behalf of the corporation or acting in an official capacity. Plaintiff subsequently filed a claim for underinsured motorist coverage benefits for injuries sustained in the accident pursuant to the policy on the 1988 Mazda. State Farm declined to extend such benefits because plaintiff was not the named insured on the policy and she was not occupying the insured automobile or any other automobile at the time of the accident as required by the policy. Based upon these facts, the trial court granted summary judgment in State Farm's favor.

The insurance policy in question provides uninsured (or underinsured) motorists coverage for an "insured."

"*Insured*" as used in this Part [C] means:

    1. You or any *family member*.

    2. Any other person *occupying*:

        a. *your covered auto*; or

        b. any other auto operated by you.

(Emphasis in the original.)

Throughout the policy, "you" is referred to as the named insured in the "Declarations." In the present case, the named insured on the Declarations page is Capital Physical Therapy, Inc. Plaintiff's

**BUSBY v. SIMMONS**

[103 N.C. App. 592 (1991)]

name appears only as a named driver and person insured for coverage. Her name does not appear anywhere as a named insured.

Plaintiff maintains that because she is an insured driver and the major stockholder in the corporation, she is the same as the corporation (the named insured), and therefore is entitled to underinsured coverage under subsection 1 above. Defendant argues that subsection 1 applies only to the named insured (the corporation itself), therefore placing plaintiff in subsection 2, which requires that she occupy a vehicle to recover her underinsured motorist benefits under the policy. Defendant asserts that because plaintiff was riding a bicycle and not occupying a covered auto or operating any other auto, she may not recover these benefits.

In *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991), our Supreme Court stated that, "[w]hen examining cases to determine whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." The type of coverage involved in the present case is underinsured motorist coverage (UIM), and the relevant statute is N.C. Gen. Stat. § 20-279.21(b)(4), which incorporates the definition of "persons insured" under § 20-279.21(b)(3). "Persons insured" means

> the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of such motor vehicle.

N.C. Gen. Stat. § 20-279.21(b)(3) (1983).

Under this statute, there are two classes of "persons insured":

> (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 554, 340 S.E.2d 127, 129-30, *disc. review denied*, 316 N.C. 731, 345 S.E.2d 387 (1986). In the first class, a person is insured whether or not the insured vehicle is involved in the injuries; a person is insured in the second class only when the insured vehicle is involved in the injuries. *Id.* at 554, 340 S.E.2d at 130.

Under this analysis, category (2) does not apply to the case *sub judice*; therefore, plaintiff would be a "person insured" only if she is the "named insured." We hold that she is not. Plaintiff cites no case (and we find no case) which expands the term "named insured" to include officers, directors, or stockholders of a corporation when the named insured is the corporation. "Named insured" has a common sense and explicit meaning. It is the named individual (or corporation) on the declarations page of the policy. "Named insured" is used throughout the above statutory scheme to distinguish it from others covered under a policy. *See*, e.g., § 20-279.21(b): "Such owner's policy of liability insurance: . . . (2) shall insure the person named therein and any other person[.]" and § 20-279.21(b)(3): "For purposes of this section 'persons insured' means the named insured . . . ." Moreover, under the policy, "named insured" means the name appearing on the Declarations page of the policy. Here, it is Capital Physical Therapy, Inc.

Finally, our decision today is consistent with a recent decision from this Court with similar circumstances. In *Brown v. Truck Ins. Exchange*, 103 N.C. App. 59, 404 S.E.2d 172 (1991), this Court held that Brown (the plaintiff was Brown's personal representative in this case because Brown died in the accident) was not an insured motorist for purposes of UIM coverage. Brown was an independent trucker who leased his services and some trucks to the named insured corporation (Schneider National Carriers, Inc.). At the time of the accident, Brown was not engaged in any business covered by his corporate contract and was not in one of his leased trucks. Schneider was the "named insured" on the declarations page of the policy. Applying the same analysis as we have in the present case, Judge Johnson, writing for this Court, concluded that Brown was not entitled to receive UIM benefits under this policy and was not entitled to insurance coverage under the terms of the contract. Judge Johnson further stated that such corporate coverage is not required by the "Financial Responsibility Act and is voluntary additional coverage."

NOEL WILLIAMS MASONRY v. VISION CONTRACTORS OF CHARLOTTE

[103 N.C. App. 597 (1991)]

Courts in other jurisdictions have made similar holdings. *See, e.g., Continental Ins. Co. v. Velez*, 134 A.D.2d 348, 520 N.Y.S.2d 824 (1987) (officer, director and shareholder of a named insured company struck while riding his bicycle on a personal mission is not entitled to UM coverage on a policy issued to the corporation); *Buckner v. Motor Vehicle Acc. Indemnification Corp.*, 486 N.E.2d 810, 495 N.Y.S.2d 952 (1985) (corporation cannot suffer bodily injury or have a spouse, relative or household member as designated in an UM policy endorsement); and *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn. App. 1982) (automobile insurance issued to the corporation does not allow UM coverage to the president and sole shareholder of the corporation when such individual was not engaged in corporate business and was injured by a third party).

For the above reasons, we hold that plaintiff is not entitled to claim UIM benefits under the automobile insurance policy issued to Capital Physical Therapy, Inc. Therefore, the trial court did not err in granting summary judgment as a matter of law in favor of State Farm.

Affirmed.

Judges COZORT and WYNN concur.