STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PLAINTIFF v. ANDREW JESSE YOUNG, MARY CORTEZ WIMBERLY, NICHOLAS YOUNG, A MINOR, AND MAY GEE YOUNG, A MINOR, DEFENDANTS

No. 9321SC269

(Filed 21 May 1996)

**Insurance § 533 (NCI4th)— underinsured motorist coverage— owned vehicle exclusion—invalidity**

An underinsured highway vehicle as defined in N.C.G.S. § 20-279.21(b)(4) can include a motor vehicle owned by the named insured, and the provisions in the policies issued by plaintiff attempting to exclude such coverage are invalid and unenforceable.

**Am Jur 2d, Automobile Insurance § 322.**

STATE FARM MUT. AUTO. INS. CO. v. YOUNG

[122 N.C. App. 505 (1996)]

**What constitutes "automobile" for purposes of uninsured motorist provisions. 65 ALR3d 851.**

Appeal by defendants from judgment entered 28 December 1992 by Judge James A. Beaty, Jr., in Forsyth County Superior Court. Originally heard in the Court of Appeals 11 January 1994.

*Frazier, Frazier & Mahler, by James D. McKinney and Torin L. Fury, for plaintiff-appellee.*

*Robinson Maready Lawing & Comerford, by W. Thompson Comerford, Jr., and Jerry M. Smith, for defendant-appellants.*

PER CURIAM.

On 7 June 1994, this Court issued its opinion reversing the entry of summary judgment in favor of plaintiff in a declaratory judgment action. See *State Farm Mut. Auto Ins. Co. v. Young*, 115 N.C. App. 68, 443 S.E.2d 756 (1994). In so doing, we held invalid and unenforceable a provision in the underinsured motorist coverage clause of automobile liability insurance policies issued by plaintiff which attempted to exclude from such coverage a motor vehicle owned by the named insured.

On 9 February 1996, the North Carolina Supreme Court vacated our opinion and directed that we reconsider our decision in light of its decision in *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 467 S.E.2d 34 (1996). *State Farm Mut. Auto Ins. Co. v. Young*, 342 N.C. 647, 466 S.E.2d 275 (1996). In *Nationwide v. Mabe*, the Supreme Court held an owned vehicle exclusion provision of the underinsured motorist insurance coverage at issue in that case to be violative of the North Carolina Motor Vehicle Safety and Responsibility Act. We have again considered the issue in the present case in light of *Nationwide v. Mabe*, and we again conclude that "an underinsured highway vehicle as defined in G.S. § 20-279.21(b)(4) can include a motor vehicle owned by the named insured, and the provisions in the policies issued by plaintiff attempting to exclude such coverage are invalid and unenforceable." *State Farm*, 115 N.C. App. at 74, 443 S.E.2d at 761. Accordingly, the trial court's order of summary judgment in favor of plaintiff on this issue is reversed and the case is remanded for further proceedings in accordance with our original opinion.

Panel consisting of:

Chief Judge ARNOLD, Judges WYNN and MARTIN, John C.