NATIONWIDE MUTUAL INS. CO., PLAINTIFF v. LANDIS O. WILLIAMS, DEFENDANT

No. COA95-320

(Filed 2 July 1996)

**Insurance § 527 (NCI4th)— UIM provision—named insured and listed driver not synonymous—defendant not driving covered vehicle—no UIM coverage**

Defendant driver was not a class one insured entitled to UIM coverage under an auto policy naming defendant's father-in-law as the named insured and his wife as a "listed driver" since the term "driver" is not synonymous with "named insured," and he was thus not entitled to coverage as the spouse of a named insured. Nor did defendant qualify as a class two insured under his father-in-law's policy because one of the vehicles listed thereon was co-owned by defendant's wife where, at the time of the accident, defendant was occupying an automobile owned by his father which was neither a "covered vehicle" under the policy nor a vehicle being operated by the named insured or his resident spouse.

**Am Jur 2d, Automobile Insurance §§ 246 et seq.**

Appeal by defendant from order entered 27 February 1995 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 7 December 1995.

*Bailey & Dixon, by David S. Coats, for plaintiff-appellee.*

*Keel Law Offices, by John E. Aldridge, Jr. and Susan M. O'Malley, for defendant-appellant.*

JOHN, Judge.

In this declaratory action, defendant assigns as error the trial court's denial of his motion for summary judgment and its entry of summary judgment in favor of plaintiff Nationwide Mutual Ins. Co. (Nationwide). For the reasons set forth herein, we affirm the trial court's determination that defendant is not entitled to underinsured motorists (UIM) coverage under any Nationwide insurance policy applicable to the instant cause of action.

Pertinent background and procedural information is as follows: On 7 November 1992, defendant sustained serious personal injuries as the result of a motor vehicle collision (the collision) between an automobile owned and operated by Nellie Carmichael (Carmichael) and a 1988 Ford automobile operated by defendant and owned by his father, Donell Williams.

At the time of the collision, defendant resided in the same household as his wife, Evelyn Pittman Williams (Evelyn), and her mother, Vernell Lawrence (Vernell). Defendant's father-in-law, Harvey Lawrence (Harvey), maintained a completely separate residence as he and Vernell had divorced approximately nine months earlier. It is undisputed that Carmichael's negligence was the sole proximate cause of the collision and defendant's injuries.

All insurance policies applicable to the collision were issued by Nationwide and included the following relevant provisions: (1) Carmichael's policy provided liability coverage with limits of $50,000 per person/$100,000 per accident; (2) Vernell's policy provided UIM coverage in the amount of $50,000 per person/$100,000 per accident; and (3) Harvey's policy provided UIM coverage in the amount of $50,000 per person and $100,000 per accident.

Upon exhaustion of the liability limits of Carmichael's policy, defendant asserted entitlement to UIM coverage under the policies of both Vernell and Harvey for a stacked amount of $100,000, and thus sought from Nationwide $50,000 in UIM coverage payments after setting off the liability coverage he had received under Carmichael's policy. Nationwide admitted coverage of defendant for UIM purposes under Vernell's policy, but stressed he was "not entitled to UIM coverage under [Harvey's] [p]olicy and, since the amount of UIM coverage in [Vernell's] [p]olicy equals the amount of liability coverage available," Nationwide has no UIM coverage obligation.

Following the parties' cross-motions for summary judgment, the trial court entered an order granting Nationwide's motion and denying that of defendant. The latter filed notice of appeal to this Court 1 March 1995.

---

The issue herein is whether defendant is afforded UIM coverage under Harvey's policy (the policy). Defendant claims coverage because Evelyn (1) was a "listed driver" under the policy and 2) was co-owner of a vehicle appearing on the policy declarations page. He asserts "Nationwide Insurance Company should not be allowed to limit its exposure by denying [defendant] coverage on the ground that his wife was not a 'named insured' " under the policy. "It would be patently unfair," defendant continues, "to allow Nationwide to capitalize on their technical distinction between a named insured and a listed driver where an extension of coverage would have been available to [Evelyn] at no additional premium." We find defendant's arguments unpersuasive.

Our Supreme Court has noted "the well-settled principle that an insurance policy is a contract, and its provisions govern the rights and duties of the parties thereto." *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986). We as a court must "construe and enforce insurance polices as written, without rewriting the contract or disregarding the express language used," *id.*, and only when the contract is ambiguous does strict construction become inappropriate. *Id.* at 381, 348 S.E.2d at 796.

The uninsured/UIM motorist coverage provisions of the policy at issue herein allow insureds to recover for personal injuries, defining "insured" as:

1. You or any family member;

2. Any other person occupying:

    a.  your covered auto; or

    b.  any other auto operated by you;

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person listed in 1. or 2. above.

"You" and "your" under the policy means "[t]he 'named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household."

**NATIONWIDE MUTUAL INS. CO. v. WILLIAMS**

[123 N.C. App. 103 (1996)]

Our Supreme Court has determined the nearly identical formulations contained in N.C. Gen. Stat. § 20-279.21(b)(3) to establish two classes of insureds for purposes of UIM coverage:

"(1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle."

*Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 143, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991) (citation omitted.) We therefore consider whether defendant qualifies as a class one or class two insured under the policy.

Defendant argues that "as the spouse of a named insured," he should be "considered [a] [c]lass one insured." While defendant might be correct if Evelyn indeed were a named insured, our examination of the policy reveals Harvey to be the sole "named insured," while Evelyn is listed only as a "driver" for underwriting purposes.

Enforcing the policy as written and declining to rewrite its terms, *Fidelity*, 318 N.C. at 380, 348 S.E.2d at 796, we reject defendant's contention that the term "driver" is synonymous with "named insured." Dispositive on this issue is *Brown v. Truck Ins. Exchange*, 103 N.C. App. 59, 404 S.E.2d 172, *disc. review denied*, 329 N.C. 786, 408 S.E.2d 515 (1991), wherein this Court held that listing the plaintiff as an "additional insured" on a policy of insurance did not operate to qualify him as a "named insured" within that policy. *Id.* at 62-63, 404 S.E.2d at 174-75. As in *Brown, we* find no authority to "expand[] the term 'named insured' beyond its explicit common sense meaning. The term appears frequently in the statute at issue in such a way as to distinguish the 'named insured' from other covered persons." *Id.* at 63, 404 S.E.2d at 175.

Similarly, in *Sproles v. Greene*, 329 N.C. 603, 609, 407 S.E.2d 497, 500 (1991), our Supreme Court held employees of a corporation were not included as "named insureds" under a policy of insurance for UIM purposes when only the corporation was listed as a "named insured" within that policy. Likewise in *Busby v. Simmons*, 103 N.C. App. 592, 406 S.E.2d 628 (1991), under circumstances where a corporation was the sole "named insured" on a policy, this Court ruled plaintiff-shareholder did not qualify for "named insured" status although she "had exclusive business and personal use" of the covered vehicle and her name appeared as a "named driver and person insured for coverage"

on the declarations page of the policy. *Id.* at 593-594, 406 S.E.2d at 629-30. *Accord Sheppard v. Allstate Ins. Co.*, 21 F.3d 1010, 1014 (10th cir. 1994) (under North Carolina law, corporate president not a "named insured" because corporation was the sole "named insured" on policy declarations page.)

Defendant attempts to distinguish *Sproles* and *Busby* on grounds that the business auto policies at issue therein were between "two sophisticated parties," while "in a personal automobile insurance policy the consumer is an unsophisticated, weaker party and [] require[s] the protection of the court." However, as indicated above, the policy clearly and unambiguously identified Harvey as the solitary insured. "Both the insured and the insurer are presumed to know the terms, provisions, and conditions of the policy, and are bound by them." *Chavis v. State Farm Fire and Casualty Co.*, 79 N.C. App. 213, 215, 338 S.E.2d 787, 789, *rev'd on other grounds*, 317 N.C. 683, 346 S.E.2d 496 (1986). Defendant therefore fails to meet the definition of a class one insured.

Defendant also suggests he qualifies as a class two insured for UIM purposes under the policy because one of the vehicles listed thereon is co-owned by his wife, Evelyn. This contention is unfounded.

A class two insured ordinarily is afforded UIM coverage only if occupying an "insured" or "covered" vehicle involved in a collision. *Smith*, 328 N.C. at 143, 147, 400 S.E.2d at 47, 49. Under the policy *sub judice*, a claimant may be a class two insured if injured while "occupying your [the named insured's or their resident spouse's] . . . covered auto[,] or . . . any other auto operated by you." The policy defines "your covered auto" essentially as any vehicle shown in the Declarations or other vehicles which the named insured or their resident spouse might acquire.

At the time of the collision, defendant was occupying a 1988 Ford automobile owned by his father, which was neither a "covered vehicle" under the policy nor an auto being operated by Harvey or his resident spouse. Defendant therefore was not a class two insured under the policy.

Because Harvey's policy is unambiguous, we enforce it as written, *see Fidelity*, 318 N.C. at 381, 348 S.E.2d at 796, and hold defendant has no valid claim to UIM coverage under that policy. As defendant is entitled only to the $50,000 UIM coverage provided by Vernell's pol-

icy, Nationwide is correct in concluding "the amount of UIM coverage in [Vernell's] [p]olicy equals the amount of liability coverage available, [and] defendant is not entitled to any UIM coverage from [Nationwide.]" *See Ray v. Atlantic Casualty Ins. Co.*, 112 N.C. App. 259, 261-62, 435 S.E.2d 80, 81, *disc. review denied*, 335 N.C. 559, 439 S.E.2d 151 (1993) (tortfeasor's liability coverage must be less than victim's UIM coverage to meet threshold requirement for "underinsured motor vehicle" status under N.C. Gen. Stat. § 20-279.21(b)(4).

Based on the foregoing, the trial court's entry of summary judgment in favor of plaintiff Nationwide is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.