SUZETTE ALEXIS DUTCH, Executrix of the Estate of EDWARD MALCOLM DUTCH, Deceased, Plaintiff v. HARLEYSVILLE MUTUAL INSURANCE COMPANY and USAA GENERAL INDEMNITY COMPANY, Defendants

No. COA99-667

(Filed 15 August 2000)

**1. Insurance— automobile—UIM coverage—person under parked car at time of collision—person insured**

The trial court did not err by concluding that the decedent (Dutch) was insured under the UIM provisions of a USAA policy where the vehicle Dutch was driving (the Bullock vehicle, insured by Harleysville) skidded into a ditch; Dutch solicited help from a nearby residence and Clark drove his vehicle (insured by USAA) to the scene, where he parked on the road while Dutch hooked a chain to the vehicle he was driving and crawled under the Clark vehicle to attach the other end of the chain; and a vehicle driven by Fairley collided with both the Bullock and Clark vehicles and ran over Dutch, causing his death. Under the USAA policy definitions, Dutch was either in contact with the Clark vehicle or in the process of attaching the chain and was thus

"upon" or "getting on" the vehicle. Moreover, he would qualify as the "person insured" under the Motor Vehicle Safety and Financial Responsibility Act if he was "using" the vehicle at the time of the accident. Finally, although USAA contends that Dutch was a Class Two insured who is insured only while occupying an insured vehicle, case law makes clear that Class II persons insured may recover when the insured vehicle is involved in the insured's injuries.

2. **Appeal and Error— presentation of issues—failure to assign error challenge in brief**

The question of whether the trial court erred by crediting an amount paid by a tortfeasor solely to Harleysville rather than sharing the credit upon the multiple UIM carriers was not preserved for appellate review where appellant (USAA) did not assign error to nor challenge in its brief the court's characterization of the Harleysville policy as primary and the USAA policy as excess. It is well established that the primary provider of UIM coverage is entitled to the credit for the liability coverage.

Appeal by defendant USAA General Indemnity Company from judgment entered 16 March 1999 by Judge Dexter Brooks in Scotland County Superior Court. Heard in the Court of Appeals 13 March 2000.

*Gordon, Horne & Hicks, P.A., by Charles L. Hicks, Jr., for plaintiff-appellee.*

*McDaniel, Anderson & Stephenson, L.L.P., by William E. Anderson and John M. Kirby, for defendant-appellee Harleysville Mutual Insurance Company.*

*Everett L. Henry, for defendant-appellant USAA General Indemnity Company.*

JOHN, Judge.

Defendant USAA General Indemnity Company (USAA) appeals the trial court's declaratory judgment ruling that a policy of insurance issued by USAA (the USAA policy) provided underinsured motorists (UIM) coverage to Edward Malcolm Dutch (Dutch). We affirm.

The parties stipulated to the following pertinent facts: On 17 February 1995, Dutch was operating an automobile titled in the name of Dwayne Taylor and owned by Marvin F. Bullock d/b/a Laurel Hill

Auto Sales (the Bullock vehicle), with the permission of the latter. While Dutch was driving, the Bullock vehicle skidded off the road and into a ditch.

Dutch walked to the nearby residence of Howard Dean .Clark (Clark) to solicit help in removing the Bullock vehicle from the ditch. Clark thereupon drove himself and Dutch in Clark's automobile (the Clark vehicle) to the location of the Bullock vehicle. Clark parked on the road, partially in the northbound lane of travel and partially in the southbound lane of travel, and left the engine running with both the lights and emergency flashers activated as he and Dutch exited.

Dutch hooked a chain to the rear of the Bullock vehicle and crawled under the Clark vehicle to attach the other end of the chain. As he was doing so, and although Clark attempted to warn the driver of the obstruction in the road, an automobile operated by Michael Fairley (Fairley; the Fairley vehicle) collided with both the Bullock and Clark vehicles and ran over Dutch, resulting in his death.

At the time of the accident, the Bullock vehicle was insured under a policy of insurance issued by defendant Harleysville Mutual Insurance Company (Harleysville; the Harleysville policy), which included UIM coverage with liability limits of $50,000.00 per person. The Clark vehicle was insured under the USAA policy which provided UIM coverage limits of $300,000.00 per person.

Plaintiff Suzette Alexis Dutch, executrix of Dutch's estate, filed suit against Fairley alleging his negligence proximately caused Dutch's death. Pursuant to N.C.G.S. § 20-279.21(b)(4) (1999), plaintiff gave notice of suit to USAA, Harleysville, and Metropolitan Property & Casualty Insurance Company (Metropolitan), the company which insured Fairley's vehicle. Upon order of the court, Metropolitan was allowed to pay $50,000.00, the limits of the bodily injury coverage under its policy with Fairley, to plaintiff, and was relieved of further liability.

While her suit against Fairley was pending, plaintiff also filed the instant declaratory judgment action against Harleysville and USAA, seeking a ruling that the policies of each covering the Bullock and Clark vehicles provided UIM coverage to Dutch. Harleysville and USAA answered, generally denying their policies provided such coverage.

The trial court entered judgment 16 March 1999, concluding that (1) both the Harleysville and USAA policies provided UIM coverage

to Dutch; (2) the Harleysville policy was the "primary" policy and the USAA policy the "excess" policy; (3) Harleysville, as the primary policy carrier, was entitled to credit for the $50,000.00 payment by Metropolitan; and, (4) "after the credit, [Harleysville] provide[d] no coverage for [Dutch] for this accident." Essentially, the trial court's judgment rendered USAA solely liable for damages in excess of $50,000.00 and up to its policy limits of $300,000.00 which might be awarded plaintiff in her action against Fairley.

USAA timely appealed, citing two assignments of error. USAA first claims the trial court erred by concluding as a matter of law that Dutch was insured under UIM provisions of the USAA policy. Alternatively, USAA argues that if Dutch indeed was covered by its policy, then USAA was entitled to share in the $50,000.00 Metropolitan payment credit. We address each contention *ad seriatim*.

[1] We first examine the USAA policy, bearing in mind that

provisions of insurance policies and compulsory insurance statutes which extend coverage must be construed liberally so as to provide coverage, whenever possible by reasonable construction.

*State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986). USAA does not dispute that its policy contained UIM coverage, but argues Dutch was not an insured for purposes of the policy, which defined an "insured" as:

1. You or any family member.

2. Any other person occupying:

a. your covered auto; or

b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person listed in 1. or 2. above.

"You" referred to the "named insured," in this case Clark.

The parties have stipulated that Dutch was not a family member of Clark. Thus, Dutch was an insured under the USAA policy definition only if he was "occupying" Clark's covered auto. USAA points out that Dutch "had departed the Clark vehicle" to return to the Bullock vehicle.

However, the USAA policy defined "[o]ccupying" as "in; upon; getting in, on, out or off." Although we agree Dutch was not "in" or "getting in, . . . out or off" the Clark vehicle at the time of the accident, we must consider whether he either was "getting . . . on" or was actually "upon" the Clark vehicle at the moment of impact. "Upon" is defined as "[o]n," while "on" is defined as "[u]sed to indicate contact with" or "[u]sed to indicate actual motion toward." American Heritage College Dictionary 1482, 953 (3d ed. 1997).

The parties stipulated Dutch had

crawl[ed] under the rear portion of the Clark vehicle in order to attach the other end of the chain to the Clark vehicle . . . .

At the time of the accident, therefore, Dutch was either in contact with the Clark vehicle while attaching the chain and thus "upon" the vehicle, or was in the process of attaching the chain and thus was "getting . . . on" the Clark vehicle. In short, Dutch qualified as an "insured" under the USAA policy definition.

We note also that the Motor Vehicle Safety and Financial Responsibility Act (the Act), N.C.G.S. §§ 20-279.1—279.39, the provisions of which "are written into every automobile insurance policy," *Scales v. State Farm Mut. Automobile Ins. Co.*, 119 N.C. App. 787, 788, 460 S.E.2d 201, 202 (1995), defines "persons insured" as

the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above . . . .

N.C.G.S. § 20-279.21(b)(3) (1999); *see Brown v. Truck Ins. Exchange*, 103 N.C. App. 59, 62, 404 S.E.2d 172, 174 (the UIM statute, G.S. § 20-279.21(b)(4), "incorporates by reference the definition of 'persons insured' that is found in" G.S. § 20-279.21(b)(3)), *disc. review denied*, 329 N.C. 786, 408 S.E.2d 515 (1991). Accordingly, although Dutch was not the named insured nor a member of the named insured's household, he would qualify as a "person insured" under the Act for purposes of the USAA policy if he "was 'using' the [insured] vehicle at the time of the accident." *Falls v. N.C. Farm Bureau Mut. Ins. Co.*, 114 N.C. App. 203, 207, 441 S.E.2d 583, 585, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994).

In the context of the interpretation of policies of insurance, this Court has "adopted the ordinary meaning of the word 'use,'" *Nationwide Mutual Ins. Co. v. Davis*, 118 N.C. App. 494, 497, 455 S.E.2d 892, 894, *disc. review denied*, 341 N.C. 420, 461 S.E.2d 759 (1995); that is,

> "to put into action or service[,] . . . to carry out a purpose or action by means of[, or] . . . [to] make instrumental to an end or process . . . ." Webster's Third New International Dictionary 2523-24 (1968). . . . [T]he verb "use" "is general and indicates any putting to service of a thing . . . ." *Id.* at 2524.

*Leonard v. N.C. Farm Bureau Mut. Ins. Co.*, 104 N.C. App. 665, 671, 411 S.E.2d 178, 181-82 (1991), *rev'd on other grounds*, 332 N.C. 656, 423 S.E.2d 71 (1992). Further, while

> the test for determining whether an automobile liability policy provides coverage for an accident is not whether the automobile was a proximate cause of the accident[, . . . there must be] a causal connection between the use of the automobile and the accident.

*State Capital Ins.*, 318 N.C. at 539-40, 350 S.E.2d at 69.

In addition, review of applicable decisions reflects that our courts "have recognized that liberally construed, the term 'use' may refer to more than the actual driving or operation of a vehicle." *Davis*, 118 N.C. App. at 497, 455 S.E.2d at 894. Thus a person "uses" a vehicle under the Act when (1) loading or unloading the vehicle, *Casualty Co. v. Insurance Co.*, 16 N.C. App. 194, 199, 192 S.E.2d 113, 118, *cert. denied*, 282 N.C. 425, 192 S.E.2d 840 (1972); (2) pushing a disabled vehicle onto the shoulder of the road, *Whisnant v. Insurance Co.*, 264 N.C. 303, 308, 141 S.E.2d 502, 506 (1965); (3) helping the vehicle owner change a flat tire, *Leonard*, 104 N.C. App. at 672, 411 S.E.2d at 182; and, (4) walking on the shoulder of the road in search of help for a disabled vehicle, *Falls*, 114 N.C. App. at 208, 441 S.E.2d at 585. Further, a police officer who leaves his vehicle with the engine running, the warning lights activated, and the police radio engaged, in order to direct traffic at the location of a malfunctioning traffic signal, is also "using" his vehicle for purposes of the Act. *Maring v. Hartford Casualty Ins. Co.*, 126 N.C. App. 201, 205, 484 S.E.2d 417, 420 (1997).

Liberally construing "use" and guided by previous decisions, we conclude that under the circumstances *sub judice* Dutch was "using"

the Clark vehicle for purposes of the Act, in that he was " 'put[ting the Clark vehicle] into action or service . . . to carry out a purpose,' " *Leonard*, 104 N.C. App. at 671, 411 S.E.2d at 181, *i.e.*, removal of the Bullock vehicle from the ditch. Moreover, as in *Maring*, 126 N.C. App. at 205, 484 S.E.2d at 420, the emergency lights on the Clark vehicle had been activated such that Clark and Dutch were also "using" the vehicle to alert passing motorists to the obstruction in the road. Finally, the requisite causal connection between "use" of the Clark vehicle and the accident, *see State Capital Ins.*, 318 N.C. at 540, 350 S.E.2d at 69, was also satisfied in that the Clark vehicle, partially located in Fairley's lane of travel, was struck by the Fairley vehicle as it also collided with the Bullock vehicle and ran over Dutch. In short, Dutch not only qualified as an insured under the express terms of the USAA policy, but also under terms of the Act incorporated by reference into such policy. *See Brown*, 103 N.C. App. at 62, 404 S.E.2d at 174.

Notwithstanding, USAA argues strenuously that Dutch "[wa]s a Class Two insured who is an insured *only while occupying an insured vehicle*." USAA misreads our case law.

G.S. § 20-279.21(b)(3)

> establishes two "classes" of "persons insured": (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 554, 340 S.E.2d 127, 129-30, *disc. review denied*, 316 N.C. 731, 345 S.E.2d 387 (1986). It is not disputed that Dutch fell into the second category.

However, rather than restricting Class II "persons insured," *id.*, to UIM coverage only if actually occupying a vehicle as USAA suggests, our case law makes clear such individuals may recover

> only when the insured vehicle is involved in the insured's injuries,

*Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 143, 400 S.E.2d 44, 47 (1991).

The foregoing requirement is broadly construed; a Class II insured walking from a disabled vehicle to summon help has been

deemed a "person insured" under the statute. *See Falls*, 114 N.C. App. at 208, 441 S.E.2d at 585. Moreover, given that the Fairley vehicle ran over Dutch as it was colliding with the Clark vehicle, the insured vehicle was involved in Dutch's injuries. *See State Capital Ins.*, 318 N.C. at 540, 350 S.E.2d at 69. In sum, USAA's first assignment of error is unfounded.

Before proceeding, we briefly address the argument interjected by Harleysville that its policy "does not provide UIM benefits because Harleysville's UIM coverage is not in excess of the Fairley vehicle's liability coverage," and because plaintiff should not be allowed to "stack" the USAA and Harleysville policies. In this context, we note Harleysville registered no appeal of the trial court's judgment and failed to assign error to any portion thereof. The foregoing issue raised by Harleysville thus has not been preserved for appellate review. *See* N.C.R. App. P. 10(a) ("the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal"). We are therefore bound by the trial court's express holding that both the USAA and Harleysville policies provided UIM coverage to Dutch, as well as by its implied holding that these policies may be stacked.

**[2]** In its second assignment of error, USAA claims the trial court erroneously credited the $50,000.00 paid by Metropolitan solely to Harleysville. USAA argues that "multiple UIM carriers are to share the credit *pro rata*." The trial court based its decision upon the determination that the Harleysville policy was "primary" and the USAA policy was "excess."

Harleysville asserts USAA has failed to preserve this issue for review in that USAA did not specifically assign error to the foregoing portion of the trial court's judgment. *See* N.C.R. App. P. 10(a). We agree.

Our review reveals that neither in USAA's assignments of error nor in its appellate brief does it challenge the trial court's characterization of the respective status of the two providers. USAA has thus waived assertion of that argument on appeal, and we presume the court's findings and conclusions on the issue are correct. *See Saxon v. Smith*, 125 N.C. App. 163, 169, 479 S.E.2d 788, 792 (1997).

It is well established that "the primary provider of UIM coverage . . . is entitled to the credit for the liability coverage." *Falls*, 114 N.C. App. at 208, 441 S.E.2d at 586. In light of the trial court's unchal-

lenged determination of Harleysville as primary provider and USAA as excess, the entire credit was properly allocated to Harleysville, and USAA's final assignment of error is unavailing.

Affirmed.

Judges LEWIS and EDMUNDS concur.