SHANTA' L. RAY AND GEORGE STANLEY ROYAL, JR., BY HIS GUARDIAN AD LITEM, RICHARD M. PRICE AND SAUDRA BARBOUR v. ATLANTIC CASUALTY INSURANCE COMPANY, A NORTH CAROLINA CORPORATION

No. 9211SC1013

(Filed 5 October 1993)

**Insurance § 528 (NCI4th)— underinsured coverage—multiple parties—tortfeasor's coverage less than UIM coverage after settlement with one party**

The tortfeasor's vehicle was not an underinsured vehicle and the trial court correctly entered summary judgment for defendant Atlantic Casualty Insurance where plaintiffs were injured in a head-on collision with a vehicle insured by Aetna; defendant Atlantic Casualty insured plaintiff Ray, who owned the car; the tortfeasor's policy with Aetna provided limits of liability of $100,000 per person for bodily injury, $300,000 per occurrence for bodily injury, and $50,000 for property damage; Aetna settled the claim of the passenger in the tort-feasor's vehicle, leaving $202,000 of the per occurrence liability coverage available to pay plaintiffs; plaintiff Ray's policy with defendant Atlantic Casualty provided underinsured policy limits of $100,000 per person and $300,000 per accident; and plaintiffs Ray and Royal sought a declaratory judgment that Atlantic Casualty's policy provides for underinsured motorist coverage for Ray and Royal in the amount of $98,000. At the time

RAY v. ATLANTIC CASUALTY INS. CO.

[112 N.C. App. 259 (1993)]

of the accident, the tortfeasor's liability coverage was identical to Ray's UIM coverage and the tortfeasor's vehicle was not an underinsured vehicle. Any payments made after the date of the accident which reduced the insurance available to plaintiffs are not relevant to this inquiry.

**Am Jur 2d, Automobile Insurance § 322.**

**Uninsured and underinsured motorist coverage: recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

Appeal by plaintiffs from order entered 21 August 1992 in Johnston County Superior Court by Judge Knox V. Jenkins. Heard in the Court of Appeals 17 September 1993.

*Allen R. Tew for plaintiff-appellants.*

*Wallace, Morris, Barwick & Rochelle, P.A., by P.C. Barwick, Jr. and Martha B. Beam, for defendant-appellee.*

GREENE, Judge.

Shanta' L. Ray (Ray), George Stanley Royal, Jr. (Royal), and Saudra Barbour (Barbour) appeal from an order entered 21 August 1992, granting Atlantic Casualty Insurance Company's (Atlantic Casualty) motion for summary judgment because "there is no underinsured motorist coverage as a matter of law."

The parties stipulated to these facts: On 16 September 1988, Ray was driving her 1986 Dodge in Johnston County, North Carolina. Royal, Ray's one-year-old son, and Barbour were occupants in Ray's Dodge. Around 7:00 p.m., they were involved in a head-on collision with a 1976 Chevrolet Camaro owned and operated by Ronnie Rufus Pollard, Jr. (tortfeasor). Randy Hall (Hall) was an occupant in the Camaro which allegedly crossed the centerline and hit Ray's car head-on in its own lane of travel.

At the time of the collision, Aetna Insurance Company (Aetna) insured the tortfeasor under an automobile liability policy with limits of liability of $100,000 per person for bodily injury, $300,000 per occurrence for bodily injury, and $50,000 for property damage. Atlantic Casualty insured Ray at the time of the collision under automobile liability insurance policy No. 001-455514. The policy in-

sured one vehicle, the 1986 Dodge involved in the collision, and provided underinsured policy limits for bodily injury in the amount of $100,000 per person and $300,000 per accident.

Aetna settled Hall's claim for $99,000. Of this amount, $1,000 was paid from the medical payments provision and $98,000 was paid from the liability coverage provision of the Aetna policy insuring the tortfeasor's car. Therefore, $202,000 of the Aetna per occurrence liability coverage is available to Ray, Royal, and Barbour.

On 5 September 1991, Ray and Royal, by his guardian ad litem Richard M. Price, filed a complaint against Atlantic Casualty in Johnston County Superior Court under the North Carolina Declaratory Judgment Act, seeking a declaratory judgment that Atlantic Casualty's liability insurance policy provides for underinsured motorist (UIM) coverage for Ray and Royal in the amount of $98,000. Pursuant to a Consent Order dated 5 February 1992, Ray and Royal filed an amended complaint on 13 February 1992 identical to the original complaint with the exception of adding Barbour as an additional party plaintiff.

On 14 April 1992, Atlantic Casualty moved for and was granted summary judgment based on the pleadings, responses to request for production of documents, and affidavits.

---

The single issue is whether an underinsured vehicle, as that term is used in N.C. Gen. Stat. § 20-279.21(b)(4), includes a tortfeasor's vehicle whose available liability insurance is less than the relevant UIM coverage.

UIM coverage applies under Section 20-279.21(b)(4) when "all liability bonds or insurance policies providing coverage for bodily injury caused by . . . the **underinsured highway vehicle** have been exhausted." N.C.G.S. § 20-279.21(b)(4) (Supp. 1989) (emphasis added). Thus, UIM coverage under Atlantic Casualty's policy necessarily depends on whether the tortfeasor's vehicle is an underinsured highway vehicle.

An underinsured highway vehicle is

a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable **at the time of the accident** is less than the applicable limits of liability under the owner's policy.

N.C.G.S. § 20-279.21(b)(4) (emphasis added). Construing this statute, our Supreme Court has held that the appropriate comparison is between the tortfeasor's liability coverage and the victim's UIM coverage. *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 188, 420 S.E.2d 124, 127 (1992). That is, if the tortfeasor's liability coverage is less than the UIM coverage, the tortfeasor's vehicle is an underinsured vehicle. Under the plain language of N.C. Gen. Stat. § 20-279.21(b)(4), the comparison between the tortfeasor's liability coverage and the UIM coverage is to be made "at the time of the accident." N.C.G.S. § 20-279.21(b)(4).

Plaintiffs argue that because only $202,000 was available to them from the tortfeasor's liability insurance, the $202,000 must be measured against the $300,000 UIM coverage and in so doing, qualify them for UIM coverage of $98,000. We disagree. In this case, "at the time of the accident," the tortfeasor's liability coverage was identical to Ray's UIM coverage. Any payments the liability company made to an injured party after the date of the accident and which reduced the liability insurance available to these plaintiffs is not relevant to our inquiry. Thus, by definition, the tortfeasor's vehicle was not an underinsured vehicle, and the trial court correctly entered summary judgment for Atlantic Casualty.

Affirmed.

Judges EAGLES and ORR concur.