IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1086

 Filed: 15 May 2018

Wake County, No. 16-CVS-5773

NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, Plaintiff,

 v.

LE BEI, ADMINISTRATOR OF THE ESTATE OF TEI PAW, THLA AYE,
ADMINISTRATOR OF THE ESTATE OF KHAI HNE, KHAI TLO, NU CING AND
TIN AUNG, Defendants.

 Appeal by Plaintiff from order entered 17 July 2017 by Judge A. Graham

Shirley, II in Wake County Superior Court. Heard in the Court of Appeals 8 March

2018.

 Simpson Law Firm PLLC, by George L. Simpson, IV, for plaintiff-appellant.

 Arnold & Smith, PLLC, by Paul A. Tharp, for defendant-appellees.

 HUNTER, JR., Robert N., Judge.

 Nationwide Affinity Insurance Company of America (“Plaintiff”) appeals from

an order granting Le Bei, Administrator of the Estate of Tei Paw, and Thla Aye’s,

Administrator of the Estate of Khai Hne, (collectively “Defendants”) motion for

summary judgment and denying Plaintiff’s motion for summary judgment. On

appeal, Plaintiff argues the trial court improperly allowed Defendants to recover

underinsured motorist coverage (“UIM”). We affirm.

 I. Factual and Procedural Background
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

 On 3 May 2016, Plaintiff filed a complaint for declaratory judgment, seeking a

declaration regarding automobile insurance issued by Plaintiff to Sa Hietha. The

complaint alleged the following narrative.

 On 26 September 2014, around 11:00 p.m., Hietha drove his Honda Pilot on I-

77, near Fort Mill, South Carolina. Hietha traveled northbound, in the far, right

lane. Tei Paw, Khia Hne, Khia Tlo, Tin Aung, and Nu Cing rode as passengers in

Hietha’s vehicle. David Hope drove an American Red Cross bus ahead of Hietha, in

the same lane. Mabel Gutierrez drove a Honda Accord in the neighboring lane, also

northbound.

 Hietha traveled too quickly for the conditions.1 Consequently, he collided with

the rear of the American Red Cross bus. Hietha’s vehicle then “spun into the adjacent

lane in front of” and collided with Gutierrez’s Honda Accord. Tin Aung and Nu Cing

suffered personal injuries from the accident. Tei Paw, Khai Hne, and Khai Tlo died

as a result from injuries sustained from the accident.

 From 28 May 2014 to 28 November 2014, Plaintiff insured Hietha’s vehicle

through a personal automobile insurance policy (“Hietha policy”). The Hietha policy

provided liability insurance coverage with limits of $50,000 per person and $100,000

 1 The complaint provides no other details for Hietha’s driving beyond that he “traveled too fast
for the conditions[.]” Pursuant to Rule 9(c)(1) of the North Carolina Rules of Appellate Procedure, the
record includes a narrative form of matters presented at the summary judgment hearing. N.C. R. App.
P. 9(c)(1) (2017). The narrative includes the following, additional details. Hope, driving the American
Red Cross bus, slowed down in the right lane, to exit I-77. Hietha “travell[ed] too fast for conditions
(inattention) [and] ran into the rear of” the bus.

 -2-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

per accident. The policy also provided UIM coverage with limits of $50,000 per person

and $100,000 per accident.

 Plaintiff distributed the following amounts under the maximum per accident

limit of liability coverage: $26,000 to Tei Paw; $26,000 to Khai Hne; $26,000 to Khai

Tlo; $13,000 to Tin Aung; $5,000 to Mabel Gutierrez; $2,500 to David Hope; and

$1,500 to Nu Cing. The parties disagreed on whether the passengers were entitled

to recover under Hietha’s UIM coverage for the difference between the amounts

received under the liability coverage and the per person limits of UIM coverage.

Thus, Plaintiff requested the trial court declare UIM under Hietha’s policy “[wa]s not

triggered for any of the Defendants under the Policy.”

 On 25 July 2016, Defendants filed their answer. Defendants asserted they

were entitled to UIM coverage under the Hietha policy. At the time of the accident,

Hne had a separate insurance policy with Plaintiff. This separate policy provided

UIM coverage with limits of $50,000 per person and $100,000 per accident. Paw also

had a separate insurance policy with Plaintiff. Paw’s policy provided coverage with

UIM limits of $100,000 per person and $300,000 per accident. Defendants contended

the UIM coverage under their separate policies should be “stacked” with the UIM

coverage under the Hietha policy.

 On 30 January 2017, the trial court held a hearing for approval of proposed

settlements. In orders entered 31 January 2017, the trial court approved of

 -3-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

settlements of $30,800 of liability-policy funds to Defendant Aye and $1,000 of

liability-policy funds to Defendant Bei. In both orders, the trial court specifically

stated the settlements “shall not affect any rights of [Defendants] to pursue any

underinsured motorist claims against any party, including . . . Sa Hietha[.]”

 On 13 February 2017, Defendants filed a joint motion for summary judgment.

Defendants requested the trial court “declare that they are entitled to UIM coverage

under Sa Hietha’s policy, in amounts sufficient to exhaust said UIM coverage[.]” On

1 May 2017, Plaintiff filed its own motion for summary judgment. Plaintiff contended

the multiple claimant exception in the Financial Responsibility Act precluded

Defendants from recovering UIM coverage under the Hietha policy.

 On 24 May 2017, the trial court held a hearing on the parties’ motions. In an

order entered 17 July 2017, the trial court granted Defendants’ motion for summary

judgment and denied Plaintiff’s motion for summary judgment. The trial court

ordered “the movant-Defendants are entitled to payment under at-fault Sa Hietha’s

per-person underinsured motorist coverage provided by Plaintiff, subject to any

applicable credits.” On 15 August 2017, Plaintiff filed timely notice of appeal.

 II. Standard of Review

 “Our standard of review of an appeal from summary judgment is de novo; such

judgment is appropriate only when the record shows that ‘there is no genuine issue

as to any material fact and that any party is entitled to a judgment as a matter of

 -4-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

law.’ ” In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting

Forbis v. Neal, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)). “Under a de novo

review, the court considers the matter anew and freely substitutes its own judgment

for that of the lower tribunal.” Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334,

337, 678 S.E.2d 351, 354 (2009) (internal quotation marks and citation omitted).

 III. Analysis

 On appeal, Plaintiff contends the trial court erred by granting summary

judgment in favor of Defendants. Specifically, Plaintiff argues the multiple claimant

exception in N.C. Gen. Stat. § 20-279.21(b)(4) (2017) applies to the matters at hand.

Accordingly, Plaintiff contends the trial court erred in allowing Defendants to recover

UIM coverage under Hietha’s policy. We disagree.

 “Statutory interpretation begins with ‘the cardinal principle of statutory

construction . . . that the intent of the legislature is controlling. In ascertaining the

legislative intent, courts should consider the language of the statute, the spirit of the

statute, and what it seeks to accomplish.’ ” Benton v. Hanford, 195 N.C. App. 88, 92,

671 S.E.2d 31, 34 (2009) (brackets omitted) (ellipses in original) (quoting State ex rel.

Util. Comm’n v. Pub. Staff, 309 N.C. 195, 210, 306 S.E.2d 435, 443-44 (1983)).

Moreover, “[l]egislative intent can be ascertained not only from the phraseology of the

statute but also from the nature and purpose of the act and the consequences which

would follow its construction one way or the other.” Sutton v. Aetna Cas. & Sur. Co.,

 -5-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989) (citations omitted), superseded by

statute on other grounds, N.C. Farm Bureau Mut. Ins. Co. v. Stamper, 112 N.C. App.

254, 257-58, 468 S.E.2d 584, 585-86 (1996). “The Court will not adopt an

interpretation which results in injustice when the statute may reasonably be

otherwise consistently construed with the intent of the act.” Nationwide Mut. Ins.

Co. v. Chantos, 293 N.C. 431, 440, 238 S.E.2d 597, 603 (1977) (citation omitted).

 At the outset, our analysis is guided by the “avowed purpose” of the Financial

Responsibility Act, which is:

 to compensate the innocent victims of financially
 irresponsible motorists. The Act is remedial in nature and
 is to be liberally construed so that the beneficial purpose
 intended by its enactment may be accomplished. The
 purpose of the Act, we have said, is best served when every
 provision of the Act is interpreted to provide the innocent
 victim with the fullest possible protection.

Liberty Mut. Ins. Co. v. Pennington, 356 N.C. 571, 573-74, 573 S.E.2d 118, 120 (2002)

(citations, quotation marks, ellipses, and brackets omitted).

 The Financial Responsibility Act permits interpolicy stacking of UIM coverage

to calculate the “applicable limits of underinsured motorist coverage for the vehicle

involved in the accident.” N.C. Farm Bureau Mut. Ins. Co. v. Bost, 126 N.C. App. 42,

50-51, 483 S.E.2d 452, 458 (1997). After stacking, the parties use the stacked amount

to determine if the tortfeasor’s vehicle is an underinsured highway vehicle, under

N.C. Gen. Stat. § 20-279.21(b)(4). Id. at 51, 483 S.E.2d at 458.

 -6-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

 Our case law and a statutory amendment in 2004 shaped the relevant

definition of an underinsured highway vehicle under N.C. Gen. Stat. § 20-

279.21(b)(4). First, our Court decided Ray v. Atlantic Casualty Insurance Co., 112

N.C. App. 259, 435 S.E.2d 80 (1993). In Ray, another vehicle crossed the centerline

and struck one plaintiff’s vehicle. Id. at 260, 435 S.E.2d at 80. One plaintiff, and the

two passengers in her vehicle, all suffered injuries. See id. at 260, 435 S.E.2d at 80.

Aetna Insurance Company insured the tortfeasor under a vehicle insurance policy.

Id. at 260, 435 S.E.2d at 80. The policy provided for coverage with a liability limit of

$100,000 per person and $300,000 per accident. Id. at 260, 435 S.E.2d at 80. The

defendant insurer insured the plaintiff. Id. at 260, 435 S.E.2d at 80. Defendant’s

policy provided for coverage with a UIM limit of $100,000 per person and $300,000

per accident. Id. at 260-61, 435 S.E.2d at 80.

 Aetna paid an occupant in the tortfeasor’s car $98,000, pursuant to the liability

coverage under the policy. Id. at 261, 435 S.E.2d at 80-81. Thus, $202,000 remained

in liability coverage, to be split amongst the three plaintiffs—the driver and her two

passengers. Id. at 260-61, 435 S.E.2d at 81. Plaintiffs sought a judgment declaring

defendant insurer’s policy provided for UIM coverage. Id. at 261, 435 S.E.2d at 81.

Defendant insurer filed a motion for summary judgment, which the trial court

granted. Id. at 261, 435 S.E.2d at 81. Plaintiffs appealed. Id. at 260, 435 S.E.2d at

80.

 -7-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

 This Court analyzed whether an underinsured vehicle, as defined in N.C. Gen.

Stat. § 20-279.21(b)(4), included “a tortfeasor’s vehicle whose available liability

insurance is less than the relevant UIM coverage.” Id. at 261, 435 S.E.2d at 81. At

the time our Court decided Ray, N.C. Gen. Stat. § 20-279.21(b)(4) provided UIM

coverage applies when “all liability bonds or insurance policies providing coverage for

bodily injured caused by . . . the underinsured highway vehicle have been exhausted.”

Id. at 261, 435 S.E.2d at 81 (emphasis omitted) (ellipses in original). Thus, the

language of the statute “required this Court to base this determination on a

comparison of the tortfeasor’s overall liability coverage (not the actual liability

payment) to the victim’s UIM coverage.” Integon Nat’l Ins. Co. v. Maurizzio, 240 N.C.

App. 38, 42, 769 S.E.2d 415, 419 (2015) (analyzing Ray’s holding and the subsequent

amendment of N.C. Gen. Stat. § 20-279.21(b)(4)).

 Accordingly, this Court held plaintiffs were not entitled to UIM coverage under

defendant insurer’s policy, because the liability coverage and the UIM coverage

provided were the same. Ray, 112 N.C. App. at 262, 435 S.E.2d at 81. Thus, the

tortfeasor’s vehicle did not meet the definition of an underinsured highway vehicle.

Id. at 262, 435 S.E.2d at 81.

 In 2004, in response to Ray, the General Assembly amended N.C. Gen. Stat. §

20-279.21(b)(4). The General Assembly added two sentences, and the statute now

reads, inter alia:

 -8-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

 An “uninsured motor vehicle,” as described in subdivision
 (3) of this subsection, includes an “underinsured highway
 vehicle,” which means a highway vehicle with respect to
 the ownership, maintenance, or use of which, the sum of
 the limits of liability under all bodily injury liability bonds
 and insurance policies applicable at the time of the
 accident is less than the applicable limits of underinsured
 motorist coverage for the vehicle involved in the accident
 and insured under the owner's policy. For purposes of an
 underinsured motorist claim asserted by a person injured
 in an accident where more than one person is injured, a
 highway vehicle will also be an “underinsured highway
 vehicle” if the total amount actually paid to that person
 under all bodily injury liability bonds and insurance
 policies applicable at the time of the accident is less than
 the applicable limits of underinsured motorist coverage for
 the vehicle involved in the accident and insured under the
 owner’s policy. Notwithstanding the immediately
 preceding sentence, a highway vehicle shall not be an
 “underinsured motor vehicle” for purposes of an
 underinsured motorist claim under an owner’s policy
 insuring that vehicle unless the owner’s policy insuring that
 vehicle provides underinsured motorist coverage with limits
 that are greater than that policy’s bodily injury liability
 limits.

N.C. Gen. Stat. § 20-279.21 (b)(4) (emphasis added).

 Following the amendment, our Court twice examined the added two sentences

and their effect on claimants’ right to recover UIM. First, in Benton, plaintiff suffered

injuries as a result of a single car accident.2 195 N.C. App. at 89, 671 S.E.2d at 32.

Nationwide insured plaintiff under a vehicle insurance policy. Id. at 89-90, 671

S.E.2d at 32. The policy provided for coverage with a liability limit of $50,000 per

 2 In Benton, there were actually two plaintiffs, the other plaintiff being the driver of the vehicle.

 -9-
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

person and a UIM limit of $50,000 per person. Id. at 90, 671 S.E.2d at 32. Defendant

insurer, Progressive Southeastern Insurance Company, also insured plaintiff, under

a household resident policy. Id. at 90, 671 S.E.2d at 32. This policy provided UIM

coverage of $100,000 per person. Id. at 90, 671 S.E.2d at 32.

 Nationwide paid plaintiff $50,000, pursuant to the liability limit. Id. at 90,

671 S.E.2d at 32. Defendant insurer contended the vehicle did not meet the definition

of an “underinsured highway vehicle” because the Nationwide policy provided UIM

coverage with limits equal to that of the policy’s liability limits. Id. at 91, 671 S.E.2d

at 33.

 Our Court disagreed with defendant insurer. The Court, while specifically

highlighting it “must interpret the provisions of the Act liberally in order to provide

the innocent victim with the fullest possible protection,” held the second sentence of

the amendment did not apply. Id. at 93-94, 671 S.E.2d at 34-35 (brackets omitted).

The Court titled the second sentence of the amendment the “multiple claimant

exception” and concluded the sentence only applies to accidents with multiple

claimants. Id. at 94, 671 S.E.2d at 34-35. Since the accident involved only one

claimant, the Court used the general definition of an underinsured highway vehicle

and concluded the vehicle met said definition. Id. at 94, 671 S.E.2d at 35.

 Next, in Maurizzio, three family members, Destany, Daijah, and Desiree’, were

involved in a single car accident. 240 N.C. App. at 39, 769 S.E.2d at 417. Destany

 - 10 -
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

drove the vehicle owned by Suzanne Maurizzio, and Daijah and Desiree’ rode as

passengers. Id. at 39, 769 S.E.2d at 417. Desiree’ and Daijah suffered injuries. Id.

at 39, 769 S.E.2d at 417.

 At the time of the accident, Suzanne insured the vehicle through a policy with

plaintiff insurer. Id. at 39, 769 S.E.2d at 417. The policy provided both liability and

UIM coverage with limits of $50,000 per person and $100,000 per accident. Id. at 39,

769 S.E.2d at 417. The parties settled Desiree’s claim within the liability coverage

limits of the policy. Id. at 39, 769 S.E.2d at 417.

 Daijah’s injuries resulted in an excess of $200,000 of expenses. Id. at 39, 769

S.E.2d at 417. Plaintiff insurer tendered the $50,000 per person liability limit. Id.

at 39, 769 S.E.2d at 417. Daijah’s parents also had an insurance policy with plaintiff

insurer. Id. at 39, 769 S.E.2d at 417. This policy provided UIM coverage with limits

of $50,000 per person and $100,000 per accident. Id. at 39, 769 S.E.2d at 417-18.

 Plaintiff insurer sought a declaratory judgment, declaring Daijah’s parents’

policy did not provide UIM coverage for Daijah’s injuries from the accident. Id. at 39,

769 S.E.2d at 418. Defendants moved for summary judgment and contended the UIM

coverage under the parents’ policy could be stacked with the UIM coverage under

Suzanne’s policy. Id. at 39, 769 S.E.2d at 418. Plaintiff insurer filed its own motion

for summary judgment, asserting the multiple claimant exception applied, and, thus,

the claimants could not stack the UIM coverage from Suzanne’s policy with any other

 - 11 -
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

UIM coverage. Id. at 40, 769 S.E.2d at 418. The trial court denied plaintiff’s motion

for summary judgment and granted defendants’ motion for summary judgment. Id.

at 40, 769 S.E.2d at 418. The trial court declared plaintiff insurer’s policies, to

Suzanne and Daijah’s parents, provided $100,000 in UIM coverage. Id. at 40, 769

S.E.2d at 418.

 Plaintiff insurer appealed. Id. at 40, 769 S.E.2d at 418. Plaintiff insurer

argued the multiple claimant exception applied because two people were injured in

the accident. Id. at 40, 769 S.E.2d at 418. Our Court summarized the effect of

amendment as providing “an additional definition of ‘underinsured highway vehicle’

for situations where multiple claimants seek liability funds.” Id. at 42, 769 S.E.2d at

419. The Court explained:

 [t]he multiple claimant exception prevents an increase in
 liability or UIM exposure of the carrier providing coverage
 for the tortfeasor’s vehicle. The exception states a vehicle
 is not an “underinsured motor vehicle” if the owner’s policy
 provides UIM coverage with limits, which are less than or
 equal to that policy’s bodily injury liability limits.

Id. at 43, 769 S.E.2d at 420 (citing N.C. Gen. Stat. § 20-279.21(b)(4)).

 The Court held the multiple claimant exception was not triggered “simply

because there were two injuries in an accident.” Id. at 44, 769 S.E.2d at 420. The

Court limited the exception’s applicability to “when the amount paid to an individual

claimant is less than the claimant’s limits of UIM coverage after liability payments

to multiple claimants.” Id. at 44, 769 S.E.2d at 420-21 (citation omitted).

 - 12 -
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

 Plaintiff insurer and Desiree’ settled her claim in the per person liability

coverage. Id. at 44, 769 S.E.2d at 421. Thus, the liability payment did not reduce the

liability coverage available for Daijah’s claim. Id. at 44, 769 S.E.2d at 421.

Accordingly, the multiple claimant exception did not apply. Id. at 44-45, 769 S.E.2d

at 421.

 Turning to the case at bar, the parties disagree on the issue before our Court.

Plaintiff contends the case is an issue of first impression and is not question of

stacking insurance policies. Additionally, Plaintiff asserts the General Assembly

sought “to broaden UIM coverage only for occupants of an innocent operator’s

vehicle . . . and expressly excludes occupants of a tortfeasor’s vehicle from the

expanded UIM coverage[.]”

 Defendants disagree and argue the issue is not one of first impression. Instead,

Defendants assert the issue only requires this Court to apply settled law permitting

stacking of insurance policies. Defendants further contend Plaintiff’s interpretation

would “pervert the statute by adding a restrictive distinction that would punish

innocent victims of a tortfeasor’s negligence by exempting the latter’s underinsured

motorist coverage from his own passenger’s claims.”

 We agree with Defendants’ framing of the issue and conclude the multiple

claimant exception does not apply to the case sub judice. The General Assembly

added the multiple claimant exception post-Ray in an effort to further protect

 - 13 -
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

innocent victims of financially irresponsible motorists. To construe the multiple

claimant exception to limit UIM recovery to innocent occupants of a tortfeasor’s

vehicle, while allowing recovery by innocent occupants of an innocent operator’s

vehicle, would be “an interpretation which results in injustice[.]” Chantos, 293 N.C.

at 440, 238 S.E.2d at 603 (citation omitted).

 Keeping in mind we are required to liberally construe the Act, we decline to

apply the multiple claimant exception in a way which would reduce compensation to

innocent victims and conflict with the avowed purpose of the Act. Pennington, 356

N.C. at 573, 573 S.E.2d at 120 (citation omitted). Moreover, this holding comports

with the intent of the legislature, and we considered the “nature and purpose of the

act and the consequences which would follow its construction one way or the other”

and “the language of the statute, the spirit of the statute, and what it seeks to

accomplish.” Sutton, 325 N.C. at 265, 382 S.E.2d at 763 (citations omitted); Benton,

195 N.C. App. at 92, 671 S.E.2d at 34 (quotation marks and citation omitted).

 Because we hold the multiple claimant exception does not apply, the trial court

properly permitted Defendants to recover UIM coverage under their own policies and

the UIM coverage under Hietha’s policy with Plaintiff. Accordingly, the trial court

properly granted Defendants’ motion for summary judgment and properly denied

Plaintiff’s motion for summary judgment.

 IV. Conclusion

 - 14 -
 NATIONWIDE AFFINITY INS. CO. OF AM. V. BEI

 Opinion of the Court

For the foregoing reasons, we affirm the trial court’s order.

AFFIRMED.

Judge ZACHARY concurs.

Judge DIETZ concurs in a separate opinion.

 -2-
No. COA17-1086 – Nationwide Affinity Ins. Co. of Am. v. Bei

 DIETZ, Judge, concurring.

 I concur in the majority opinion but write separately to emphasize that

“[w]here the language of a statute is clear and unambiguous, there is no room for

judicial construction and the courts must construe the statute using its plain

meaning. Wilkie v. City of Boiling Spring Lakes, __ N.C. __, __, 809 S.E.2d 853, 858

(2018). In other words, “[i]f the statutory language is clear and unambiguous, the

court eschews statutory construction in favor of giving the words their plain and

definite meaning.” Id. We address the General Assembly’s intent and the potential

for injustice in this case only because N.C. Gen. Stat. § 20-279.21(b)(4), read in its

entirety, is open to more than one reasonable interpretation and is therefore

ambiguous.